IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cr-30009 |
| | ) | |
| ANDRE L. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

RICHARD MILLS, U.S. District Judge:

This matter is before the Court on the Report and Recommendation [d/e 18] entered by U.S. Magistrate Judge Byron G. Cudmore, and Defendant Andre L. Jones' Motion to Suppress Physical Evidence [Marijuana and Holster] and Custodial Statement and Request for Evidentiary Hearing [d/e 12].

In the Report and Recommendation, Judge Cudmore recommends denying the Defendant's Motion to Suppress.

The Defendant has filed Objections [d/e 20] and Supplemental Objections [d/e 22] to the Report and Recommendation. In addition,

1

the Defendant had the Court Reporter prepare a Transcript [d/e 21] of the Suppression Hearing held on April 4, 2011.

The Government has filed a Response [d/e 23] to the Defendant's Objections and Supplemental Objections.

After careful consideration, and after reviewing the Exhibits and the Transcript of the Suppression Hearing, the Court adopts Judge Cudmore's Report and Recommendation.[1]

## OBJECTION—DISCUSSION OF ROUTE DRIVEN

The Defendant objects to Judge Cudmore's analysis of the route taken by Byron Butler and the Defendant. The Defendant states that "[t]he Magistrate Judge's conclusion that Butler could have taken a route that appears more efficient is subjective and misplaced." Objections [d/e 20], p. 3.

The Court has reviewed Defendant's Exhibit 1, an aerial photo of the area with street names superimposed, and Defendant's Exhibit 2, a black and white map of the area.

---

[1] The Parties are familiar with the facts and procedural background of this case, and this information is fully set out in the Report and Recommendation. Accordingly, the Court will only address the issues raised in the Defendant's Objections and Supplemental Objections.

According to testimony, Butler and the Defendant were travelling from Livingston Street to East Adams Street. The Court notes that Byron Butler testified that he was aware that the vehicle used by Officers Leach and Burns was a law enforcement vehicle. *See* Transcript [d/e 21] 100-01.

The most direct route to reach Adams Street would have been to remain northbound on Livingston Street past East Cook Street until East Monroe Street. There, the occupants should have turned left (west) on East Monroe until they reached South Cressey Street. At Cressey Street, they should have turned right (north) until reaching East Adams Street.

Instead, Butler and the Defendant took a route which was longer (because they had to double back while on Jackson Street). In addition, the route taken by Butler and the Defendant involved making four extra 90-degree turns.

Butler's assertion that his route was the fastest is difficult to believe. The Defendant and Butler took an objectively circuitous route to reach Adams Street, and their route seems more consistent with evading the law enforcement vehicle that Butler knew was following him.

The Court overrules the Defendant's objections regarding the route taken by Butler and the Defendant.

## OBJECTION—CHARACTERIZATION OF FIELD BOOKING AND PROBABLE CAUSE STATEMENT

The Defendant objects to Judge Cudmore's characterization of the Field Booking and Probable Cause Statement ("Statement") prepared by Officer Burns, "because the Magistrate Judge's conclusion that the statement is for probable cause for arrest on felony charges, one of which is here in federal court, not the traffic stop, has no basis in the record of these proceedings." Supplementary Objections [d/e 22], p. 10.

The Court acknowledges that that there was not in-depth testimony regarding the purposes of the Statement. However, Officer Burns testified that he would not classify the document as a police report, but rather as a booking sheet. Transcript [d/e 21], p. 69. Officer Burns also testified that the Statement was written before taking the Defendant to the Sangamon County Jail. Transcript [d/e 21], p. 80.

The Court has examined the Statement (Defendant's Exhibit 3) and finds that the information contained on the face of the document

supports Judge Cudmore's conclusion regarding the purpose of the Statement.

First, the complete title of the Statement (Field Booking and Probable Cause Statement) supports Judge Cudmore's conclusion regarding the purpose of the document.

In addition, the Statement is not a Springfield Police Department document. Rather, it is a form created by the Sangamon County Sheriff's Department—the agency which operates the Sangamon County Jail. Officer Burns testified that the Statement was prepared prior to taking the Defendant to the Sangamon County Jail.

The Statement contains a space for information on the arrest and for charges issued. Officer Burns listed three offenses: (1) unlawful use of a weapon, (2) aggravated unlawful use of a weapon, and (3) manufacture/delivery of cannabis.

Next, the Statement contains a space for the arresting officer to detail the probable cause for the arrest. Officer Burns filled the twelve lines on the first sheet, and used an additional sheet to include more information.

At the bottom of the Statement there is an area marked "Judicial." There are two boxes which can be checked: "PC Founded" or "Not Founded." The judge checked the "PC Founded" box, set a bail amount, and signed the Statement. It is apparent from the face of the Statement that its purpose is the determination of probable cause for the Defendant's arrest on the three felony charges listed in the Statement.

### OBJECTION—PROBABLE CAUSE STATEMENT REFERS TO INFRACTION AT "LIVINGSTON/COOK"

The Defendant objects to the following statement in the Report and Recommendation:

> Furthermore, the reference to "Livingston/Cook" is consistent with the officers' testimony that the erratic driving started at that intersection. The officers testified that the SUV accelerated at a high rate of speed on Cook Street immediately after turning on that intersection.

Report and Recommendation [d/e 18], p. 12.

Specifically, the Defendant has objected as follows:

> In addition, the Magistrate Judge's efforts to claim that the Statement is in any event consistent with law enforcement testimony about each of the [bases] of the traffic stop because the Statement mention the intersection ("Livingston/Cook" Streets) where the "erratic driving started" is a stretch to find support to believe the law enforcement officers' testimony over that of citizen Byron Butler.

Objections [d/e 20], p. 3.

After carefully reviewing the transcript, the Court finds that Judge Cudmore's conclusion is supported by the record. The following cross-examination testimony of Officer Burns is illustrative:

> Q: You wrote in that probable cause statement that the SUV committed a traffic violation at Livingstone and Cook Street, correct?
>
> A: That would have been the same area of driving at a high rate of speed, so yes, it was in that area.
>
> Q: No, no, no. What I'm asking you is does that probable cause statement say there was a traffic violation committed by the SUV at the intersection of northbound Livingston and West Cook Street?
>
> A: Yes.
>
> Q: Okay. And that's where the television station ABC 20 is located, right?
>
> A: Yes.
>
> Q: There's a stop sign at that intersection, is there not?
>
> A: Yes.
>
> Q: So is what you were writing in that probable cause statement is that the SUV failed to stop at that intersection?
>
> A: That is not what I meant, no.
>
> Q: What traffic violation did you write in the probable cause statement occurred at the intersection of Livingston and Cook? It's not mentioned is it?
>
> A: No.

Q: Could you – but obviously – was there one, yes or no? You don't remember?

A: On Cook Street, yes, there was.

Q: Not at Livingston and Cook, but on Cook Street itself?

A: It turned and was driving at a high rate of speed at Livingston and Cook, yes.

Q: So what you intended to write in your probable cause statement was not that there was a traffic violation at the intersection of Livingston and Cook where there's a traffic control stop sign but actual speeding on Cook Street, right –

A: Correct.

Q: – off Livingston?

A: Yes, turning off Livingston on to Cook Street, yes?

Q: Well, was the speeding during the turn or was it on Cook? I don't mean to quibble with you. I'm just asking. I mean the probable cause statement says the intersection of Livingston and Cook is the violation, correct?

A: Yes, I said Livingston and Cook, correct.

Q: But your testimony today was actually speeding on Cook after – off of Livingston?

A: If you – yes.

Q: Okay.

Transcript [d/e 21], p. 74-76.

The Court concludes that Judge Cudmore's conclusion regarding the erratic driving beginning at the intersection of Livingston and Cook Streets is consistent with the sworn testimony.

## OBJECTION—CREDIBILITY OF BYRON BUTLER DIMINISHED BY FELONY CONVICTION

The Defendant takes issue with Judge Cudmore's conclusion that Byron Butler is less credible because he has at least one felony conviction. During the suppression hearing, Butler testified that he had been convicted of Possession of a Controlled Substance (Cocaine) in Will County, Illinois in 2007, and that he had been convicted of Theft in Sangamon County, Illinois in 2007. Transcript [d/e 21], p. 110-12.

Information regarding Butler's felony record is admissible pursuant to Federal Rule of Evidence 609(a)(1). The Court concludes that Judge Cudmore was authorized to consider Butler's status as a felon in determining credibility.

## EVIDENTIARY HEARING BEFORE DISTRICT JUDGE

The Defendant has requested an evidentiary hearing before the undersigned. *See* Objections [d/e 20], p. 4-5; Supplemental Objections [d/e 22], p. 1-2, 13.

9

The Defendant's Motion to Suppress was referred to Judge Cudmore pursuant to 28 U.S.C. § 636(b)(1). Section 636(b)(1) provides the following:

> Notwithstanding any provision of law to the contrary—
>
> > (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to suppress evidence in a criminal case . . . .
> >
> > (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . .
> >
> > (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

The Supreme Court has held that a district judge is not required to hold a new evidentiary hearing when reviewing a magistrate judge's

determination which involves contested credibility findings. *United States v. Raddatz,* 447 U.S. 667 (1980).

The Court held that a new hearing is not required by the statute:

> It should be clear that on these dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing. We find nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required "determination."

*Id.* at 674. Furthermore, the Court held that due process is not violated when a district judge adopts a magistrate judge's recommendation without holding a new hearing. *Id.* at 680 ("We conclude that the due process rights claimed here are adequately protected by § 636(b)(1).").

The Court held that the district court has discretion to in determining whether to hold a new hearing:

> While the district court judge alone acts as the ultimate decisionmaker, the statute grants the judge the broad discretion to accept, reject, or modify the magistrate's proposed findings. That broad discretion includes hearing the witnesses live to resolve conflicting credibility claims. Finally, we conclude that the statutory scheme includes sufficient procedures to alert the district court whether to exercise its discretion to conduct a hearing and view the witnesses itself.

*Id.* at 680-81.

In a footnote, the Court noted that the situation might be different if the district judge rejects a magistrate judge's credibility finding without a new evidentiary hearing:

> Neither the statute nor its legislative history reveals any specific consideration of the situation where a district judge after reviewing the record in the process of making a *de novo* "determination" has doubts concerning the credibility findings of the magistrate. The issue is not before us, but we assume it is unlikely that a district judge would *reject* a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal; to do so without seeing and hearing the witness or witnesses whose credibility is in question could well give rise to serious questions which we do not reach.

*Id.* at 681 n.7.

The Defendant has directed the Court's attention to *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010), which addresses the issue raised by the Supreme Court in footnote seven of *Raddatz*. In *Powell*, the Eleventh Circuit held that the district court's failure to hold a new hearing prior to rejecting the magistrate judge's credibility determination violated due process.

Relying on *Powell* and footnote seven in *Raddatz*, the Defendant argues that the district court must hold a new evidentiary hearing in order for him to have a chance in prevailing on his objections to Judge Cudmore's credibility finding.

While it is true that the district court would likely have to hold an evidentiary hearing for the Defendant to ultimately prevail upon the objections, it does not mean that adopting the Report and Recommendation without an additional hearing is an abuse of discretion or is violative of due process.

The first step is for the district judge to review the record, including the transcript, and to determine whether the entire record supports the magistrate judge's findings. If the magistrate judge's findings are supported by the record, the finding can be adopted by the district judge. If the magistrate judge's finding could not be adopted on the basis of the record, then the district judge would hold an additional hearing and make his own determination.

The Eleventh Circuit stated the following in *Powell*:

> To adequately determine the credibility of a witness the fact finder must observe the witness. This requirement is satisfied either by the district judge accepting the determination of the magistrate after reading the record, or by rejecting the magistrate's decision and coming to an independent decision after hearing the testimony and viewing the witnesses.

628 F.3d at 1257 (alterations, citations, and quotation marks omitted).

In this case, the Court has reviewed the entire record, including the transcript and exhibits, and finds that the record supports Judge Cudmore's credibility finding, as set forth above. Therefore, there is no need for an additional hearing.

*Ergo*, the Court ADOPTS the Report and Recommendation [d/e 18] and OVERRULES the Defendant's Objections [d/e 20] and Supplemental Objections [d/e 22].

The Defendant's Motion to Suppress Physical Evidence [Marijuana and Holster] and Custodial Statement and Request for Evidentiary Hearing [d/e 12] is DENIED.

IT IS SO ORDERED.

ENTER: June 1, 2011

FOR THE COURT:          */s/ Richard Mills*
_____
Richard Mills
United States District Judge